Cheshire,
No. 5323.

HARRY M. PIERCE, *Adm'r of the estate of* JANET B. PIERCE

*v.*

H. CLAUDE MOWRY, *Adm'r of the estate of* JOSEPH C. MOWRY.

Argued April 6, 1965.
Decided May 24, 1965.

*Howard B. Lane* (by brief and orally), for the plaintiff.

*Faulkner, Plaut, Hanna & Zimmerman* (*Mr. N. Michael Plaut* orally), for the defendant.

WHEELER, J. Action in case arising out of an automobile accident in which Janet B. Pierce, a passenger, was killed. In a former transfer of this case (*Pierce* v. *Mowry,* 105 N. H. 428) we sustained the plaintiff's exception to the Court's charge on damages which limited recovery to burial expenses, doctor's bills and ambulance charge amounting to $581. The material facts in the former transfer are incorporated herein by reference.

At the second trial in Janet's case by agreement of counsel a jury trial was waived and assessment of damages was submitted to the Court who found a verdict for the plaintiff in the sum of $6,581.

The defendant's exceptions to the failure to grant certain requests for findings and rulings, to the amount of the verdict as excessive and as against the evidence and the weight of the evidence were reserved and transferred by *Loughlin,* J.

In assessing damages in death cases the applicable statute (RSA 556:12) provides that consideration may be given among other elements, to the decedent's "capacity to earn money." In interpreting this section of the statute we stated in the previous

transfer "The fact that there was no evidence that . . . Janet . . . had ever earned money or probably ever would, did not preclude the jury from considering whether such 'capacity' to earn existed. *Dillon* v. *Railway,* 73 N. H. 367. 'The statute makes [her] capacity to earn an element to be considered in assessing the damages. . . But although capacity is thus made material, it is not declared to be the measure of the damage. The loss to the estate by the destruction of that capacity is the measure.' " *Pierce* v. *Mowry, supra,* 430. See *Morrell* v. *Gobeil,* 84 N. H. 150.

At the time of her death Janet was a small child 13 years old with a normal life expectancy of 56 years. She had cerebral palsy and was a deaf mute from birth. She and her mother developed a sign language by which they communicated. She was strong in her arms, and required no assistance in getting about the house, but was unable to travel away from home without assistance. She was clever with her hands, could do household work, such as ironing and folding clothes, clearing a table, and washing dishes. She had control of her bodily functions, could bathe and dress herself, put her hair in curlers, color pictures, adjust a television set, and in general live self-sufficiently at home as well as her unafflicted eleven-year-old sister. In the judgment of her father she was capable of learning the printer's trade. The evidence was that she could remain seated in a chair without trouble.

She had never been registered in any school. Sometime before the accident an attempt was made to register the child in the Austin School for deaf mutes in Brattleboro, Vermont, but before admittance would be permitted a clinical examination was required in Hanover and at the Children's Hospital in Boston to ascertain her educable potential. Janet was taken to Boston on Wednesday prior to the accident and no report was ever received.

The evidence as to Janet's abilities and disabilities was uncontradicted. We think the trier of facts could find that a measurable capacity to earn was demonstrated, although a limited one. In this state of the record the verdict was excessive, but on the uncontradicted evidence a verdict of $3,581 is warranted.

*Verdict set aside; judgment for the plaintiff in the sum of $3,581.*

All concurred.